# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO: 5:05CV227

| | |
|---|---|
| AMY WILMARTH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>F. ERWIN McKENZIE, JR., )<br>Executor of the Estate of )<br>MARTHA W. McKENZIE, deceased, )<br>)<br>    Defendant. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice to Take Deposition" (Document No. 53), filed September 7, 2006; "Defendant's Objections to Plaintiff's Notice of Deposition ... and Motion to Quash" (Document No. 54), filed September 18, 2006; Defendant's "Memorandum of Law in Support ..." (Document No. 55), filed September 18, 2006; Defendant's "Motion to Shorten Time ..." (Document No. 56), filed September 18, 2006; Defendant's "Memorandum of Law in Support ..." (Document No. 57), filed September 18, 2006; "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Quash" (Document No. 58), filed September 21, 2006; and "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Quash Notice of Deposition ..." (Document No. 59), filed September 21, 2006. In an effort to resolve the matter promptly, the undersigned conducted a telephonic hearing on September 22, 2007.

Having reviewed the pleadings, record, arguments of counsel, and applicable authority, the undersigned finds that the "Defendant's Objections ... and Motion to Quash" (Document No. 54) should be <u>denied</u> and Defendant's "Motion to Shorten Time ..." (Document No. 56) be <u>denied as moot</u>.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Amy Wilmarth ("Plaintiff") filed a Complaint July 20, 2005 (Document No. 1) against the Estate of Martha W. McKenzie ("Defendant") for damages resulting from an October 31, 2003 motor vehicle collision on U.S. Interstate 40 in Forsyth County, North Carolina. On November 30, 2005, the undersigned issued a Pretrial Order and Case Management Plan (Document No. 20) which among other determinations ordered that "[a]ll discovery shall be complete no later than **April 30, 2006** . . . requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown." On May 25, 2006 the undersigned granted "Plaintiff's Motion to Extend Discovery Deadline ..." (Document No. 30) and stated that "all **discovery shall be complete no later than July 5, 2006** . . . [t]his extension is allowed for the sole purpose of concluding discovery currently pending, and should not be utilized by either party to engage in additional discovery without seeking leave of Court."

The specific subject of this Order arose on September 7, 2006 when Plaintiff filed a "Notice to Take Deposition" (Document No. 53). Defendant filed objections and a "Motion to Quash" (Document No. 54) on September 18, 2006.

## II. DISCUSSION

The issues raised before the Court involve whether the proposed deposition is a "trial deposition" or a "discovery deposition," the significance of that distinction, and whether there is good cause for the proposed deposition. Defendant contends that, at least for the purposes of the current dispute, there is no difference between discovery and trial depositions and that Plaintiff's proposed deposition circumvents the Court's scheduling order without moving for an extension of time. Defendant also alleges that Plaintiff's "Notice to Take Deposition" lacks good cause and that its timing presents unfair difficulties for counsel.

Although Plaintiff's "Notice to Take Deposition" lacked explanation for its urgency or the existence

2

of good cause, Plaintiff has since argued to the Court that the deponent is a key witness who suddenly announced he is moving more than 100 miles away and who is only available at a certain time and place to be deposed before he departs. According to Plaintiff, Dr. Joseph T. Alexander was long ago identified to Defendant as a likely witness at trial, and Dr. Alexander indicated that he would be available to testify. Plaintiff contends that this witness is now unlikely to be available at trial due to great distance, and that even if he were available, his appearance at trial would create tremendous inconvenience for the witness and expense for the Plaintiff.

Without expressing an opinion as to the inherent similarities or differences between discovery and trial depositions, the undersigned accepts in good faith the argument of Plaintiff that the deposition of Dr. Alexander is for the explicit purpose of preserving for trial the testimony of one of Plaintiff's key witnesses. Furthermore, the Court finds good cause for this deposition considering the relatively sudden departure of the deponent from North Carolina to the state of Maine. In the instant case, the potential prejudice to the Plaintiff of quashing this deposition outweighs the objections raised by the Defendant.

In McCloud v. Goodyear Dunlop Tires North America, Inc., No. 04-1118, 2006 WL 1791162 (C.D.Ill. June 27, 2006), the court granted Defendant's motion to quash deposition notices, finding that the plaintiff had made a strategic decision not to depose a witness during discovery and then later attempted to undo that tactical decision by calling the deposition by another name. The McCloud decision noted that there was "unfair surprise to the defendant" particularly with "less than six weeks before trial." Id. at *2. The court in McCloud also noted that the witnesses Plaintiff sought to depose had always been out of state and the facts did not involve "a sudden, unexpected move." Id. at *1.

In contrast to McCloud, the facts before the Court indicate that Dr. Alexander was long ago identified as a likely witness for trial, that he is making a sudden, unexpected move out of state, and that

these facts combined with the fact that no trial date has been set, do not amount to the same "unfair surprise" the McCloud court found.

In Integra Lifesciences I, Ltd. V. Merck KGaA, 190 F.R.D. 556 (S.D.Cal.1999) the Defendants filed a motion for leave to take the trial deposition of a physician after the discovery deadline had passed and the court denied Defendants' motion. The Court opined however, that defendants had not "shown exceptional circumstances or good cause to pursue discovery" and gave the example that if the doctor suddenly moved across the country, "outside the Court's subpoena power, Defendants could probably establish good cause to take the deposition." Id. at 559.

This Court also finds that the reasoning of Estenfelder v. The Gates Corp., 199 F.R.D. 351 (D.Colo.2001) instructive. Estenfelder allowed the depositions of four witnesses even though the discovery deadline had passed because they were "preservation depositions." Estenfelder at 352. The depositions at issue concerned witnesses who lived more than 100 miles away and could not be compelled through subpoena to attend the trial. Id. Estenfelder relied in part on a ruling of the Fifth Circuit:

> it was an abuse of discretion for a trial court to refuse to permit a deposition for trial testimony for the reason that discovery had closed; ... if a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of discovery deposition, and, ... should be allowed without regard to any discovery deadlines.

Id. at 353-54, citing Charles v. F.W.Wade, 665 F.2d 661, 664 (5th Cir. 1982).

For the foregoing reasons the undersigned finds that there is good cause to allow the deposition of Dr. Alexander for the purposes of preserving his testimony for trial.

This Court takes its scheduling orders seriously, and while it will deny the Motion to Quash due to a sudden and unexpected change of circumstances, it notes that the time and resources of the Court, as well

4

as of both parties, could have been managed more effectively if counsel for the Plaintiff and Defendant had communicated with each other more clearly and in a more timely manner to reach a resolution of this dispute.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the "Defendant's Objections to Plaintiff's Notice of Deposition of Doctor Alexander and Motion to Quash" (Document No. 53) is **DENIED**.

**IT IS FURTHER ORDERED**, that Defendant's "Motion to Shorten Time for Plaintiff to Respond to the Objections to Notice of Deposition of Dr. Alexander and Motion to Quash and for Expedited Hearing or Ruling on Defendant's Objections to Plaintiff's Notice of Deposition of Doctor Alexander and Motion to Quash" (Document No. 56) is **DENIED AS MOOT**.

Signed: September 25, 2006

David C. Keesler
United States Magistrate Judge